UNITED STATES DISTRICT COURT
DISTRICT OF FEDERAL

Chisum LLC, a Minnesota limited liability company,

Plaintiff,

v.

Chief Automotive Systems, Inc., a Delaware corporation,

Defendant.

Court File No. 01-816 PAM/RLE

**STIPULATION AND ORDER REGARDING CONFIDENTIALITY**

**STIPULATION**

WHEREAS, during the discovery conducted herein it may become necessary for the parties to inquire as to confidential business, financial and other matters not otherwise available to the public generally; and

WHEREAS, the parties mutually desire to protect and maintain the confidentiality of all such matters,

IT IS HEREBY STIPULATED AND AGREED by and between the parties hereto that:

1. The following definitions shall apply to this Stipulation:

A. As used herein, the term "confidential material" shall mean all information, documents, materials and tangible items designated by any producing party to be "confidential" or "attorney eyes only," including specifically, but not exclusively, written discovery, deposition transcripts and documents, data or other information furnished during the course of this action which is designated by a party to be confidential. Each party shall designate any material it deems to be "confidential" or "attorney eyes only" in the following manner:

FILED SEP 17 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

(1) By stamping all documents with the designation "Confidential" or "Attorney Eyes Only".

(2) By imprinting the designation "Confidential" or "Attorney Eyes Only" next to each answer to interrogatory, response to deposition upon written question, or response to request for admission.

(3) All deposition transcripts shall be confidential and accorded the treatment described in Paragraph 3 of this Stipulation and Order for a period of fifteen (15) days after receipt of the transcript from the court reporter; thereafter, only such portions of a transcript as are affirmatively designated in writing by a party to be confidential shall be treated as confidential. The party designating a portion of a deposition transcript as confidential shall provide written notice to all parties by listing the page and inclusive line numbers of the material to be kept confidential, and shall designate such pages to be "Confidential" or "Attorney Eyes Only." In any deposition transcript in which any portion of the transcript has been designated confidential by any party, the court reporter, or the party holding the original transcript, shall imprint the word "Confidential" or "Attorney Eyes Only" on the front page of the original of the deposition transcript. A deposition containing confidential information shall not be filed with the Court unless placed in a sealed envelope bearing the designation hereinafter provided for in Paragraph 4 of this Stipulation.

Nothing in this paragraph shall prevent any party or the officers, directors or shareholders of a party from attending any deposition, provided that they leave the deposition during any discussion of documents or information that any party identifies as "Attorney Eyes Only."

(4) By affixing to the canister or cassette of all videotapes the designation "Confidential" or "Attorney Eyes Only".

B. As used herein, the phrase "prosecution and/or defense of this action" shall mean preparation for trial of this action, including specifically, but not exclusively, pre-trial discovery pursuant to Rules 26 through 37 of the Federal Rules of Civil Procedure, trial of this action, and preparation for, participation in, and prosecution and defense of, any appeal, rehearing, review or other judicial proceeding which relates to the subject matter of this action.

2. Unless and until agreed by the undersigned parties, or ordered by the Court, all confidential materials that are designated to be "Confidential", and any summaries, compilations or other work product which contains or reflects such confidential materials, shall be kept and treated as confidential and shall be used only for purposes of the prosecution and/or defense of this action. Confidential materials designated as "Confidential" shall not be disclosed to any person or entity other than: (a) Counsel of record for the parties, including partners and employees of such counsel; (b) contractors of such counsel who are involved in the prosecution and/or defense of this action; (c) the parties themselves, including any officers, directors, employees or agents of the parties; (d) experts, consultants, potential witnesses and/or any other person retained in connection with the prosecution and/or defense of this action or to whom counsel for any party believes in good faith that it is necessary that confidential materials be shown for the purpose of prosecution and/or defense of this action; and (e) the Court; provided, however, that: (1) Each such person referred to in Subsections (a) through (d) of this Paragraph must execute an agreement to be bound by this Stipulation and Order prior to the disclosure of any confidential materials to such entity or person; (2) such agreement to be bound by this Stipulation and Order shall be in a form identical to that which is attached hereto as Exhibit A; and (3) a copy of each such executed agreement to be bound by this Stipulation and Order shall be kept by the counsel of record who disclosed any confidential material to any such entity or person and shall be filed with the Court at the time of trial, or upon the execution of a settlement agreement and dismissal of this action.

3. Except as otherwise provided in Paragraph 6 of this Stipulation, or ordered by the Court, all confidential materials that are designated to be "Attorney Eyes Only," and any summaries, compilations or other work product which contains or reflects such confidential

materials, shall be kept and treated as confidential and shall be used only for purposes of the prosecution and/or defense of this Action. Confidential materials designated as "Attorney Eyes Only" shall not be disclosed to any person or entity other than: (a) Counsel of record for the parties, including partners and employees of such counsel; (b) contractors of such counsel who are involved in the prosecution and/or defense of this Action; (c) any experts and/or consultants retained in connection with the prosecution and/or defense of this action to whom counsel for any party believes in good faith that it is necessary that "Attorney Eyes Only" materials be shown for the purpose of prosecution and/or defense or this Action; and (d) the Court; provided, however, that: (1) Each such person referred to in Subsections (a) through (c) of this Paragraph must execute an agreement to be bound by this Stipulation and Order prior to the disclosure of any confidential materials to such entity or person; (2) such agreement to be bound by this Stipulation and Order shall be in a form identical to that which is attached hereto as Exhibit A; and (3) a copy of each such executed agreement to be bound by this Stipulation and Order shall be kept by the counsel of record who disclosed any confidential material to any such entity or person and shall be filed with the Court at the time of trial, or upon the execution of a settlement agreement and dismissal of this action. Without limiting the generality of the foregoing, and except as provided in Paragraph 6 of this Stipulation, or ordered by the Court, no materials designated as "Attorney Eyes Only" may be disclosed to or discussed with: (a) the parties; or (b) any officers, directors, employees or agents of the parties.

4. No confidential materials, or confidential materials which are reproduced, referred to or otherwise contained in transcripts of depositions, exhibits, written discovery or other documents, may be filed with the Court or the Clerk of Court unless placed prior to such filing in a sealed envelope marked "NOT TO BE OPENED EXCEPT BY ORDER OF THE

COURT: THIS ENVELOPE MAY BE GIVEN TO NO PERSON WITHOUT ORDER OF THE COURT." The party filing any such confidential materials or documents shall instruct the Clerk of Court in writing of the confidential nature of the material and that it should not be displayed or revealed except by order of the Court.

5. Upon termination of the prosecution and/or defense of this action, all recipients of confidential materials shall, if requested by a party, return all such confidential materials in their possession, including all copies of such confidential materials that were made by them or at their direction, to the party who originally produced such material. Termination of the prosecution and/or defense of this action shall not, however, relieve any person to whom confidential material was disclosed, including counsel for the parties, from the obligation of maintaining the confidentiality of all confidential material received pursuant to this Stipulation and Order.

6. Any party may object to the designation by any other party of any material as "Confidential" or "Attorneys Eyes Only" by notifying the party that designated the material as confidential or attorneys eyes only in writing and stating the basis for its objection within fourteen (14) days after the material is received by counsel for the party. The parties shall, within fourteen (14) days after service of the objection, meet and confer in an attempt to resolve the dispute. If the designating party refuses to meet within the required fourteen (14) days, or if the parties are unable, after meeting and conferring, to resolve the matters, the dispute shall, within fourteen (14) days after the meeting to confer (or, if there is no meeting to confer, within twenty-eight (28) days after the material was first received), be submitted to the Court for resolution. If the party designating materials as "Attorney Eyes Only" does not, within fourteen (14) days of the meeting (or any failure to attend the meeting), submit the matter to the Court and seek an appropriate protective order, the party shall be deemed to have waived the "Attorney

Eyes Only" designation, and the materials shall thereafter be treated in the same manner as any materials designated to be "confidential" pursuant to this Stipulation. If the designating party makes a timely motion for a protective order, the materials at issue shall be treated as "Attorney Eyes Only" until otherwise directed by the Court. The party designating materials as "Attorney Eyes Only" shall have the burden to establish the propriety of that designation, if challenged. The party challenging any designation of material as "Confidential" shall have the burden to establish that the designation was improper. Pending resolution by the Court, all materials designated by a party to be confidential shall be treated as confidential.

7. Any entity or person not a party to this litigation may supply confidential business information and/or trade secret information to any party in accordance with the provisions of this Stipulation and Order. Such confidential business information and/or trade secret information which has been designated as "Confidential" or "Attorneys Eyes Only" by a non-party and supplied to the parties pursuant to this Stipulation and Order shall be protected by the parties in the same manner and to the same extent as information designated "Confidential" or "Attorneys Eyes Only" by a party.

8. Notwithstanding any other provision of this Stipulation and Order, any person indicated on the face of a "Confidential" or "Attorney Eyes Only" document as having been the originator, author or recipient of the document may be shown the same.

9. If any party desires at trial or at a hearing to offer into evidence "Confidential" information or to use "Confidential" information in such a way as to reveal its nature or contents, such offers or use shall be made only upon the taking of all steps reasonably available to preserve the confidentiality of such "Confidential" information, which may include the offering

of such "Confidential" information outside the presence of persons other than Court personnel and trial counsel.

10. In the event that a party inadvertently discloses any document or thing containing information that it deems confidential without designating it as "Confidential," the disclosing party shall promptly upon discovery of such inadvertent disclosure inform the receiving party in writing and the receiving party shall thereafter treat the information as "Confidential" under this Stipulation and Order. To the extent such information may have been disclosed to persons other than those authorized by this Stipulation and Order, the receiving party shall make every reasonable effort to retrieve the information promptly from such person and to avoid any further disclosure to non-authorized persons.

11. Nothing in this Stipulation shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, additional protection with respect to confidentiality of documents or other discovery material, or relief from this Stipulation with respect to particular material designated hereunder.

12. The Court may make and enter its Order in conformity herewith upon application by any party ex parte and without further notice.

Dated: September 14, 2001.

SHAPIRO PROFESSIONAL ASSOCIATION

By:____________________________

Lawrence M. Shapiro, #130886
Susan D. Holappa, #172741

1060 The Colonnade
5500 Wayzata Boulevard
Minneapolis, MN 55416
Telephone: (763) 542-1716
Facsimile: (763) 542-1784

ATTORNEYS FOR PLAINTIFF

Dated: September 13, 2001.

WINTHROP & WEINSTINE, P.A.

By: ______________________
Laura A. Pfeiffer, #260125

3000 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, MN 55402
Telephone: (612) 347-0700
Facsimile: (612) 347-0600

OF COUNSEL:
Rembolt Ludtke & Berger LLP
Penny J. Berger, #10289
Timothy L. Moll, #20451
1201 Lincoln Mall, Suite 102
Lincoln, Nebraska 68508
Telephone: (402) 475-5100
Facsimile: (402) 475-5087

ATTORNEYS FOR DEFENDANTS

idmsmpl:466465_1

**ORDER**

Based upon the foregoing Stipulation:

IT IS HEREBY ORDERED that the above Stipulation shall be, and hereby is, adopted as the Order of this Court, and the parties are directed to fully comply therewith.

IT IS FURTHER ORDERED that the Clerk of Court is directed to maintain the confidentiality of any documents filed with the Court in accordance with Paragraph 4 of the Stipulation.

Dated: 9/17, 2001.

BY THE COURT:

Raymond L. Erickson

Magistrate Judge
United States District Court

**EXHIBIT A**

This is to certify that the undersigned has read and is fully familiar with the provisions of the Stipulation and Order Regarding Confidentiality of discovery materials dated ____________, in the action entitled Chisum, LLC v. Chief Automotive Systems, Inc. (Case No. 01-816 PAM/RLE).

As a condition precedent to my examinations of any Confidential Discovery Materials in connection with this case, or my obtaining any information from said Confidential Discovery Materials, I hereby agree that this Stipulation and Order Regarding Confidentiality shall be deemed to be directed to and shall include me, and I shall observe and comply with the provisions of this Stipulation and Order Regarding Confidentiality.

Dated: __________________ ______________________________
Name (Signature)

______________________________
Name (Printed)